# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN S. ROMANASKAS, | : | CIVIL NO: 3:16-CV-00517 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| EARTHBOX, INC., | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This is a civil action brought by the *pro se* plaintiff, John S. Romanaskas ("Romanaskas"), against his former employer, EarthBox, Inc. ("EarthBox"). Currently pending are two motions filed by EarthBox, namely an amended motion to dismiss Romanaskas's complaint ("motion to dismiss") (*doc. 11*) and a motion to strike immaterial and impertinent information ("motion to strike") (*doc. 13*). For the reasons that follow, we recommend granting EarthBox's motion to dismiss and denying its motion to strike as moot, without prejudice to permitting Romanaskas an opportunity to file a proper amended complaint.

I. **Procedural and Factual Background.**

Romanaskas commenced this action by filing a form complaint on March 25, 2016. *See doc. 1*. The complaint, which is quite vague, essentially contains two paragraphs in which Romanaskas recounts events regarding his employment at EarthBox that date back to 2013. *See id.* at ¶¶ 3, 4. In those paragraphs, Romanaskas alleges the following.

He alleges that he was a warehouse supervisor at EarthBox and that sometime in early 2013, several complaints were brought to his attention regarding the mistreatment of black males and other non-Hispanic associates. *Id.* at ¶ 3. He further states that he later witnessed verbal and physical behavior involving several warehouse workers by EarthBox employee, Gabby Zepeda. *Id.* Romanaskas alleges he reported the issue to his immediate supervisor, Mark Tokash ("Tokash"), and continued to report the issue for several months. *Id.* He further alleges that he encouraged the associates to report their concerns to the "HR" manager, Stephanie Moritz-Miller ("Miller"), and that he attempted to resolve a discrimination concern involving Sherri Knoeller and Veronica Robinson. *Id.* Per Romanaskas, management did not resolve the issues; therefore, while in the presence of Tokash, he reported the concerns to General Manager, Frank DiPaolo ("DiPaolo"), HR Manager Miller, and Marketing Manager, Kathy Sponenberg. *Id.* Romanaskas asserts that he was asked to leave the room and that the next day he

was asked by DiPaolo not to contact "HR" with any concerns regarding EarthBox. *Id.* A few weeks later, Romanaskas alleges that Tokash was "abruptly terminated" and that a few weeks after that he was "abruptly terminated." *Id.*

Romanaskas attaches to the complaint approximately 67 pages of material, which are not separately tabbed or labeled, appear to be in no particular order, and are not cited or referenced to any of the facts alleged in the complaint. *See id.* at ¶ 4. As a remedy, Romanaskas prays that significant weight be given to this material and that his "termination be deemed unlawful and to be awarded restitution for lost wages and incurred financial hardships." *Id.*

In response, on June 7, 2016, EarthBox moved to dismiss the complaint and to strike many of the 67 pages of documents Romanaskas attaches to the complaint on the basis that they are immaterial, impertinent, and inconsequential to the matter. *See docs. 11 & 13.* On July 5, 2016, Romanaskas responded presumably to both motions by filing an additional 114 pages of documents, which for the most part appear to contain his own typed summaries and statements and personnel guidelines and policies. *See doc. 18.* EarthBox filed a timely reply brief on July 20, 2016. *See doc. 19.* EarthBox's motions are ripe for review and for the reasons set forth below, we recommend that the motion to dismiss be granted and the motion to strike be denied as moot.

## II. Motion to Dismiss and Pleading Standards.

A motion to dismiss, pursuant to Rule 12(b)(6), "tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012). According to Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

With respect to the benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct.

>1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While detailed factual allegations are not necessary, more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler*, 578 F.3d at 211. "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when

deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised that trial courts use the following procedure:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675, 679).

Particularly relevant to the present case, a complaint filed by a *pro se* litigant is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded *pro se* complaint must also contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**III. Discussion.**

Applying the above pleading principles to the allegations in the complaint, we find that Romanaskas fails to comply with Rule 8's basic tenet that a complaint contain a statement setting forth the grounds for the court's jurisdiction and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This basic pleading requirement requires that a complaint put the defendant on notice of the basis of the claims asserted against him. *See Twombly*, 550 U.S. at 555. Romanaskas's complaint, however, fails to concisely assert his claim or claims for relief, including whether EarthBox has violated a

specific right or a specific, applicable statute.  *See Yoder v. Wells Fargo Home Mortg.*, No. 11-07503, 2012 WL 6562837, at *2 (E.D. Pa. Dec. 17, 2012) ("In order to comply with Rule 8, a Complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer." (citing *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986))).  The complaint is devoid of time references and specific actions of the defendant that may give rise to an actionable claim.  Although it appears that Romanaskas is complaining about employment-related issues, there is no way of ascertaining the claims he is attempting to raise.  *See Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x. 158, 160 (3d Cir. 2011) (dismissing complaint pursuant to Rule 8 when defendants are left to "guess what of the many things discussed constituted [a cause of action]").

Further, while we may consider exhibits attached to the complaint and matters of public record in ruling on a motion to dismiss, *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), Romanaskas fails to allege the significance of the numerous documents attached to the complaint or the relationship of such documents to any specific event or claim.  Sifting through such unorganized and, perhaps, irrelevant documents is neither the

function of this Court nor EarthBox's task.[1]  *Martinez v. Davey*, No. 1:16-cv-00084, 2016 WL 4215980, at *2 (E.D. Cal. Aug. 9, 2016) ("[T]he court is not required to sift through Plaintiff's exhibits and attachments in an effort to determine what plaintiff's claim(s) are.  If he chooses to add attachments or exhibits to any amended complaint (which he is not required to do), Plaintiff must identify them for the Court and explain their significance.").

Thus, we recommend that EarthBox's motion to dismiss the complaint should be granted for failure to meet the pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure.  We further recommend that EarthBox's motion

---

[1] In an apparent effort to ascertain the nature of Romanaskas's claims and explain such to the Court, EarthBox includes facts in its briefs that are not alleged in the complaint regarding the employment history between the parties. *See docs. 12 & 19.*  EarthBox also attaches documents to its motion to dismiss brief in support of this effort. *See doc. 12.*  We are aware that we may consider exhibits attached to a defendant's motion to dismiss, without converting the motion to one for summary judgment, if such exhibits are undisputedly authentic documents and plaintiff's claims are based on the documents. *Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 127 (3d Cir. 2016).  Here, however, since we are at a loss to know what specific claims Romanaskas is raising, we will not, at this time, consider EarthBox's exhibits.  Moreover, EarthBox's motion to dismiss is not presented as a motion for summary judgment in the alternative; therefore, "it is reversible error for a district court to convert a motion under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an opportunity to submit materials admissible in a summary judgment proceeding or allows a hearing." *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989); *Carver v. Plyer*, 115 F. App'x 532, 536 (3d Cir. 2004) ("[M]otions for summary judgment that are presented to the court as motions in the alternative constitute sufficient notice to a non-moving party that the court may convert a motion to dismiss into a motion for summary judgment.")

to strike be denied as moot.  In making this recommendation, we remain cognizant of Romanaskas's status as a *pro se* litigant and our obligation to liberally construe *pro se* pleadings.  That Romanaskas is a *pro se* litigant, however, does not excuse him from complying with the Federal Rules of Civil Procedure.  As such, just as he must comply with every other applicable rule, Romanaskas must also attempt to adhere to the strictures of Rule 8.

**IV.    L eave to Amend.**

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).  The court "must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend."  *Id.*

We cannot say that amendment would be inequitable or futile in this case.  Thus, we recommend that Romanaskas be granted leave to file an amended complaint.  Any amended complaint shall be complete in all respects.  It shall contain all of the plaintiff's claims against all of the defendants.  It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.  It shall not incorporate by reference the previous complaint.  Any amended complaint shall be titled as an amended complaint and shall contain the docket number of this case.

To further assist him in drafting an amended complaint, we suggest that Romanaskas: (1) clearly and specifically identify the claims he is raising and the relief he is seeking; (2) use numbered paragraphs and include allegations relevant to a particular claim in one portion of his complaint, preferably separated by counts, rather than randomly placing allegations throughout the document; (3) refrain from going into detail about every single discussion that may have occurred, unless absolutely relevant to his claims; (4) refrain from repeating allegations, unless absolutely necessary; (5) attach only exhibits relevant to his claims; (6) clearly mark such exhibits and reference them to the factual allegations in the amended complaint.  These suggestions should not only lessen Romanaskas's burden, but should provide the Court, and the defendants, with more insight about the contours of his claims.  In providing these suggestions, we also emphasize our recognition of the fact that Romanaskas is untrained in the law and should not be held to the standard of an attorney.  As such, these suggestions are just that, and regardless of how his amended complaint is filed, if one is filed at all, we will liberally construe his amended complaint as we are required to do.

## V.  Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that EarthBox's amended motion to dismiss (*doc. 11*) be granted and its motion to strike (*doc. 13*) be denied as moot.  **IT IS ALSO RECOMMENDED** that

Romanaskas's complaint be dismissed without prejudice to him attempting to amend such complaint to state a claim upon which relief may be granted in federal court, by including proper allegations that meet the requirements of federal law, provided Romanaskas act within **21 days** of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **14th** day of **December 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge